```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

WEST COAST LIFE                 }
INSURANCE COMPANY,              }
                                }
     Plaintiff,                 }   CIVIL ACTION NO.
                                }   2:16-cv-00026-WMA
v.                              }
                                }
US LIFE 1 RENDITEFONDS 1 GMBH   }
& Co KG, et al.,                }
                                }
     Defendants.                }
                                }
```

## MEMORANDUM OPINION

Plaintiff, West Coast Life Insurance Company ("West Coast"), filed this action in the Circuit Court of Jefferson County Alabama against defendants SPV-LS LLC ("SPV") and US Life 1 Renditefonds 1 GMBH & Co KG ("Renditefonds"). Before Renditefonds was served, SPV removed the case to this court on the basis of 28 U.S.C. § 1332, alleging complete diversity of citizenship between plaintiff, on the one hand, and all defendants and affiliated entities, on the other. However, the relationships of these Renditefonds entities and their principal places of business are in many instances averred honestly only on "information and belief" as the means of establishing their non-Alabama citizenships. The heavy burden was on SPV to allege with precision on actual knowledge and ultimately to prove the facts demonstrating complete diversity in order to invoke § 1332.

1

West Coast filed a motion to remand now before the court, whereupon SPV filed an amended notice of removal attempting to explain its problem in ascertaining and alleging within the Rule 11 context the relationships and citizenships of all entities and ownership interests in Renditefonds, which is a German limited liability company with perhaps some unique features.  As a hoped for solution to the problem, SPV moves for a stay of the motion to remand to allow discovery limited to the facts bearing on the § 1332 jurisdictional issue.  In reply, West Coast says that a case cannot be removed on the basis of jurisdiction that is speculative.

To recognize and effectuate a basic principle of federalism, namely, the primacy of the state courts, Congress did not make it easy to remove to a federal court cases over which a state court has jurisdiction. See *Fuzzell v. DRC Emergency Servs., LLC*, 2015 WL 412889, at *1 (N.D. Ala. Jan. 30, 2015) (quoting *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) ("Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.").  This is such a case.  SPV had a heavy burden which it has not met.  For this reason and those put forward by West Coast, West Coast's choice of forum will be

2

honored by a denial of the motion to stay and a grant of its motion to remand.

DONE this 2nd day of February, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE